**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CYNTHIA DELUCA | CIVIL ACTION NO. 3:07-cv-2143 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| SIMMONS MANUFACTURING CORP., INC., | |
| Defendant. | |

**MEMORANDUM ORDER**

Presently before the Court is Defendant Simmons Manufacturing Corp., Inc.'s Motion to Strike Plaintiff's Statement of Material Facts and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (Doc. 41). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

In its current motion, Defendant Simmons states that the Statement of Facts submitted with the Plaintiff's Motion for Summary Judgement "contains numerous inflammatory factual assertions, legal conclusions and argument." (Def.'s Br. in Supp. of Mot. to Strike, Doc. 42, at 1.) Thus, Simmons argues that Plaintiff's Statement of Facts and Brief in Support of her Motion for Summary Judgement must be stricken from the record. (*Id*., at 1-2.) Simmons further argues that the final two pages of DeLuca's Statement of Material Facts should be stricken for the additional reason that the enumerated statements raise discovery-related issues that should be properly raised in a motion to compel or a motion for sanctions, not in conjunction with a motion for summary judgment. (*Id*.)

Local Rule 56.1 of the United States District Court for the Middle District of Pennsylvania states that:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

M.D. Pa. LR 56.1 (2008). The purpose of this rule is to "structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." *Gantt v. Absolute Machine Tools, Inc.*, No. 1:06-CV-1354, 2007 WL 2908254, at *3 (M.D. Pa. Oct. 4, 2007) (Smyser, M.J.) (Kane, C.J.).

The Court has reviewed Plaintiff's Statement of Facts, and finds that the majority of the document's averments would facilitate the Court's direct and accurate consideration of Plaintiff DeLuca's Motion for Summary Judgment. Since the first sixty-two (62) averments found in the Plaintiff's Statement of Facts serve the purpose of Local Rule 56.1, the Court will deny the Defendant's motion and will not strike these averments from the record.

The Court does, however, observe that the final fourteen (14) statements in Plaintiff's Statement of Facts–specifically, those statements included under the subheading entitled "Simmons obstructed discovery, withheld relevant documents, and has spoiled information"–have no bearing on Plaintiff's Motion for Summary Judgment and do not facilitate the Court's direct consideration of Plaintiff's motion. Since these averments provide allegations of fact with no connection to Plaintiff's summary judgement motion and do not serve the purpose of Local Rule 56.1, the Court will grant the Defendant's motion and will

2

strike these averments from the record.

For the reasons stated, NOW this 23rd day of April, 2009, **IT IS HEREBY ORDERED** that Defendant's Motion to Strike (Doc. 41) is **GRANTED** in part and **DENIED** in part.  The final fourteen (14) averments in Plaintiff's Statement of Facts (Doc. 36, Ex. 3) are **STRICKEN** from the record.  The Plaintiff is instructed to file a redacted copy of her Statement of Facts within five (5) days of the date of this Order.  Upon receipt of Plaintiff's redacted Statement of Facts, the Clerk of the Court is instructed to remove Plaintiff's original Statement of Facts (Doc. 36, Ex. 3) from the record and replace it with the redacted version.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge